IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONTINENTAL WIRE CLOTH, LLC, an Oklahoma limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>DERRICK CORPORATION, a New York corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 09-CV-474-GKF-PJC |

## OPINION AND ORDER

Before the court is the Motion for Leave to File Second Amended Complaint [Dkt. #82] filed by plaintiff, Continental Wire Cloth, LLC ("CWC"). CWC seeks leave to amend its complaint to add claims against defendant, Derrick Corporation ("Derrick") related to two patents not previously included in this lawsuit and to Derrick's representations that its product complies with testing standards of the American Petroleum Institute ("API"). Derrick opposes the motion.

### I. Background/Procedural Status

The parties in this case manufacture and market competing screen assemblies for vibratory screening machines used on oil and gas drilling sites to file and reclaim drilling mud. On July 21, 2009, CWC filed its original Complaint against Derrick. [Dkt. #1]. CWC asserted claims for declaratory judgment of the invalidity, unenforceability and/or non-infringement of United States Patent No. 7,228,971 held by Derrick and titled "vibrating screening machines and parts therefor and replacement screen cloths for vibrating screening machines" ("971 Patent") (Count I); and declaratory judgment of non-infringement of United States Trademark Registration No. 1,361,481 held by Derrick ("Derrick Trademark") (Count II). [*Id.*].

Derrick filed an Answer [Dkt. #8] and Counterclaim [Dkt. #9], asserting claims for infringement of the '971 Patent; infringement of the Derrick Trademark; false description and representation of origin, sponsorship or approval and unfair competition under 15 U.S.C. § 1125; dilution under 15 U.S.C. § 1125; violation of the Oklahoma Deceptive Trade Practices Act, 78 O.S. § 51, *et seq.*; common law trademark infringement; and common law unfair competition. [Dkt. #9].

On March 24, 2010, the court entered its first scheduling order. [Dkt. #20]. The order set a deadline of August 31, 2010, for filing motions to amend or add parties. [*Id.*].[1] The order also set deadlines related to the Markman Hearing, which was initially scheduled for March 17, 2011. [*Id.*].

On April 23, 2010, with leave of court granted over defendant's objection, CWC filed an Amended Complaint [Dkt. #24] adding a claim for false marking of Derrick's "PWP500 DX-A140F model shaker screens" with the '971 Patent, in violation of 35 U.S.C. § 292 (Count III); and false and misleading representations of fact in commercial advertising in connection with Derrick's PWP500 DX-A140F model shaker screens, in violation of 15 U.S.C. § 1125 (Count IV) [*Id.*].

Derrick filed an Amended Counterclaim adding a claim for false advertising in violation of 15 U.S.C. § 1125(a). [Dkt. #26 at 15].

The Markman hearing on the '971 Patent was conducted on May 5, 2011. [Dkt. #65].

---

[1] In its motion, CWC states that the scheduling order entered January 5, 2011, "does not address a deadline for amendment of pleadings." [Dkt. #82 at 1]. This is because the January 5, 2011, order was an *amended* scheduling order. [Dkt. #54]. The original scheduling order's August 31, 2010, deadline for amendments passed more than four months before entry of the amended order. [Dkt. #20].

Plaintiff's Motion to Amend comes two-and-one-half years after this action was filed and more than 16 months after the deadline for filing motions to amend.

## II. Allegations of Proposed Second Amended Complaint

In the proposed Second Amended Complaint, CWC alleges that the labels on Derrick's PWP500 DX-A140F shaker screens falsely represent the shaker screens are patented in part under U.S. Patent No. 6,000,556 (the "556 Patent"), and U.S. Patent No. 6,161,700 (the "700 Patent") [Dkt. #82-1, ¶¶19-31]. CWC also alleges "on information and belief" that Derrick has represented certain of its shaker screens comply with American Petroleum Institute Recommended Practice 13C ("API RP 13C") but has failed to test the screens in accordance with the API RP 13C procedure. [*Id.,* ¶¶32-35].

The proposed Second Amended Complaint asserts new claims for infringement with respect to the '556 and '700 Patents (labeled as "Count III"). The former Count III (relabeled as Count IV) for false advertising under § 1125 is expanded to include a claim of unfair competition in violation of § 1125.[2] The proposed Second Amended Complaint adds an additional claim (erroneously labeled as "Count VII") for violation of the Oklahoma Deceptive Trade Practices Act, 78 O.S. § 51, *et seq.*, based on the representations regarding API RP 13C; and a claim (erroneously labeled as "Count VIII") for common law unfair competition.

## III. Governing Standard

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.C.iv.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Lab., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991) (citations omitted). Refusal of a request to amend is appropriate "on a showing of undue delay, undue

---

[2]CWC asserts Derrick's labeling of the shaker screens as being patented under the '556 and '700 Patents and its representation that the screens are compliant with API RP 13C violate § 1125.

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

## IV.  Analysis

The court's analysis focuses on the issues of undue delay and undue prejudice.

### A.  Undue Delay

A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Indeed, 'untimeliness alone may be a sufficient basis for denial of leave to amend.'" *Woolsey,* 934 F.2d at 1462 (citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990)). Delay is generally measured from the filing of the complaint, or from the time when the facts necessitating the amendment became known to the moving party. *See Broom v. Springs Global U.S., Inc.*, 2010 WL 4362851, *2 (N.D. Okla. 2010); *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey*, 934 F.2d at 1462 (citations omitted). Excusable neglect is not shown "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Insurance Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987).

In its motion to amend, CWC asserts, "Based on Derrick's responses to CWC's interrogatories and requests for production, CWC desires to file a Second Amended Complaint." [Dkt. #82 at ¶4]. However, with respect to the new patent claims, CWC has provided *no* reason

for its failure to amend before the August 31, 2010 deadline.  This dispute arises over competing shaker screens.  Plaintiff's claims regarding the '556 and '700 Patents were presumably discoverable at the same time it discovered its claim regarding the '951 Patent.  Its failure to include those patents in its original complaint is unexplained.

With respect to its API claims, CWC asserts, "The factual basis for these claims was not known to CWC until Derrick produced documents in response to certain discovery requests." [Dkt. #82, ¶6].  However, Derrick asserted in both its original Counterclaim and its Amended Counterclaim that *CWC* was making misrepresentation about API ratings of *its* shaker screen.  In a dispute that involves mirror-image claims between the parties, CWC should reasonably have been on notice of and investigated whether it had an API rating claim against Derrick.

CWC's delay in raising the proposed new claims is unreasonable.

### B.  Undue Prejudice

Derrick contends the proposed amendment would cause it undue prejudice.  The court concurs.  This case has been on file almost three years.  The parties–and the court–have invested extensive time and resources in discovery.  The Markman hearing has already been conducted. The addition of new claims will clearly require additional discovery and likely additional Markman hearings.[3]  The proposed amendments will further delay resolution of this case.

---

[3] CWC contends the parties *might* be able to agree on the scope and meaning of the claims of the two newly asserted patent violations and thus avoid additional Markman hearings.   However, given the history of proceedings to date, the possibility of the parties agreeing on such matters is, to put it mildly, "slim."

## V. Conclusion

For the foregoing reasons, CWC's Motion for Leave to File Second Amended Complaint [Dkt. #82] is denied.

ENTERED this 20th day of June, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT